Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 JUL 16 AM 10: 06

CLERK OF COURT
BY:_____



IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM                    )    CRIMINAL CASE NO. CF 81-08
                                  )
vs.                               )    **DECISION AND ORDER**
                                  )
DOMINICK LAMAR FELDER             )
                    Defendant.    )
_____)

This matter came on regularly for hearing on July 14, 2009, before the HONORABLE ELIZABETH BARRETT-ANDERSON on Defendant's Motion for Modification of Bail Conditions. Defendant was present and represented by Attorney Jeffrey Moots. Assistant Attorney General Sally Tobin appeared in opposition.

Defendant was originally indicted on February 21, 2008 with First Degree Criminal Sexual Conduct involving a minor under the age of fourteen (14). He was re-indicted by Superceding Indictment on January 6, 2009 with the same offense. Bail was set at One Hundred Thousand Dollars ($100,000.00). Defendant's father-in-law has offered to deed his home to the court as security in lieu of cash. Current equity in the home is insufficient to secure the full amount set for bail based on an exiting mortgage on the property.

The Court ruled from the bench that despite statutory authorization in 8 G.C.A. §40.20 there are no current policies or procedures established that set forth the administrative mechanism by which the court may accept real property to secure bail, although the court has historically done so on criminal cases based on the discretion of the assigned judge. In the instant case the equity is insufficient based on existing liens, and the property does not belong to the Defendant. The charges are serious, and there is no certainty that the posting of real property by Defendant's father-in-law will assure his appearance.

The Court further denies release on the grounds that the Court finds the Defendant a danger to the community. This is the second time Defendant has been charged with the offense of criminal sexual conduct involving a minor child. The Defendant was arrested, tried, and

acquitted in CF 281-03 of 3rd and 4th degree CSC. The Defendant was also previously arrested and charged with aggravated assault in CF 472-03. The charge was subsequently dismissed. The ultimate resolution of these cases does not lessen the Court's concern and caution for the safety of the victim and the community. Based on the Defendant's prior criminal record of arrests and charges, the serious nature of current criminal sexual conduct allegations involving a minor, and the potential danger to the victim and the community in general, provides grounds for the Court to deny Defendant's motion.

**IT IS SO ORDERED** this 16th day of July 2009.

_____
HONORABLE ELIZABETH BARRETT-ANDERSON
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagåtña, Guam.

JUL 16 2009

Brianne M.G. Balbas
Deputy Clerk, Superior Court of Guam

DMR

IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2009 JUL 16 AM 10: 06

CLERK OF COURT
BY:_____

CRIMINAL CASE NO. CF 81-08

**PEOPLE OF GUAM**

vs.

**DOMINICK LAMAR FELDER**

                              Defendant.

)
)
)
)
)
)
)
)
)
)

**DECISION AND ORDER**

This matter came on regularly for hearing on July 14, 2009, before the HONORABLE ELIZABETH BARRETT-ANDERSON on Defendant's Motion for Modification of Bail Conditions. Defendant was present and represented by Attorney Jeffrey Moots. Assistant Attorney General Sally Tobin appeared in opposition.

Defendant was originally indicted on February 21, 2008 with First Degree Criminal Sexual Conduct involving a minor under the age of fourteen (14). He was re-indicted by Superceding Indictment on January 6, 2009 with the same offense. Bail was set at One Hundred Thousand Dollars ($100,000.00). Defendant's father-in-law has offered to deed his home to the court as security in lieu of cash. Current equity in the home is insufficient to secure the full amount set for bail based on an exiting mortgage on the property.

The Court ruled from the bench that despite statutory authorization in 8 G.C.A. §40.20 there are no current policies or procedures established that set forth the administrative mechanism by which the court may accept real property to secure bail, although the court has historically done so on criminal cases based on the discretion of the assigned judge. In the instant case the equity is insufficient based on existing liens, and the property does not belong to the Defendant. The charges are serious, and there is no certainty that the posting of real property by Defendant's father-in-law will assure his appearance.

The Court further denies release on the grounds that the Court finds the Defendant a danger to the community. This is the second time Defendant has been charged with the offense of criminal sexual conduct involving a minor child. The Defendant was arrested, tried, and

acquitted in CF 281-03 of 3rd and 4th degree CSC. The Defendant was also previously arrested and charged with aggravated assault in CF 472-03. The charge was subsequently dismissed. The ultimate resolution of these cases does not lessen the Court's concern and caution for the safety of the victim and the community. Based on the Defendant's prior criminal record of arrests and charges, the serious nature of current criminal sexual conduct allegations involving a minor, and the potential danger to the victim and the community in general, provides grounds for the Court to deny Defendant's motion.

**IT IS SO ORDERED** this 16th day of July 2009.

HONORABLE ELIZABETH BARRETT-ANDERSON
Judge, Superior Court of Guam



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JUL 16 2009

Brianne M.G. Balbas
Deputy Clerk, Superior Court of Guam